## Case No. 3,761.

### The DELAWARE.

[6 Blatchf. 527.][1]

Circuit Court. S. D. New York. Aug. 5, 1869.

ADMIRALTY APPEALS—REVIEW OF SALVAGE AWARD —UNSEAWORTHINESS—LIABILITY OF CARGO.

1. An allowance for salvage services, made in this case by the district court, depending upon the exercise of sound discretion, was not interfered with by this court.

2. It was not error in the district court, not to charge the cargo of a vessel libelled for salvage, with a portion of the amount allowed for salvage, where no such point was taken in the answer, the owners of the vessel being responsible for her seaworthiness, and the disaster which made the salvage necessary having occurred through her unseaworthiness.

[Appeal from the district court of the United States for the southern district of New York.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

This was a libel in rem, filed in the district court, to recover damage for rescuing the steamship Delaware from impending peril, while lying off South Edisto island, South Carolina. The steamship Perit, belonging to the libellants, was on a voyage from New York to Savannah, and, discovering the Delaware blowing off steam, and with a flag of distress set, ran down to her, and ascertained that her boiler had given way, and, at the request of her master, attached a hawser to her and towed her to Savannah. The district court allowed to the master and crew of the Perit $2,500 for salvage services. [Case not reported.] The claimant appealed to this court.

Charles Donohue, for libellants.
Warren Hardenbergh, for claimant.

NELSON, Circuit Justice. As the allowance made in this case depends, as to the amount, upon the exercise of sound discretion, I am not inclined to interfere with it. A point is made, that the court erred in not charging the cargo with its portion of the amount allowed. No such point is made in the answer; and, besides, the owners of the Delaware were responsible for her seaworthiness, for the want of which the disaster occurred. Decree below affirmed.